UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTERS FOR LIVING, INC. a California corporation; CENTERS VETERANS GROUP, LLC, a California limited liability company: WAYNE K. BURKS and KAY E. BURKS, as Trustees of the WAYNE K. and KAY E. BURKS LIVING TRUST dated February 11,1993; and WAYNE K. BURKS and EULA B. BURKS, as Trustees of the BARRY K. BURKS IRREVOCABLE TRUST dated September 30, 1988, | Case No.  1:22-cv-00372-EPG |
| Plaintiffs, | ORDER RE BILL OF COSTS |
| v. | (ECF No. 28) |
| NATIONWIDE MUTUTAL INSURANCE CO., and DOES 1 through 10, inclusive. | |
| Defendants. | |

I.    BACKGROUND

This civil action was filed on March 29, 2022, by Plaintiffs Centers for Living ("CFL"); Centers Veterans Group, LLC ("CVG"); and Wayne K. Burks and Kay E Burks, and Wayne K. Burks and Eula B. Burks, Trustees of the Wayke K. Burks and Kay E Burks Living Trust and Trustees of the Barry K. Burks Irrevocable Trust, respectively ("Burks' trusts") who asserted a claim for breach of contract against Defendant Nationwide Mutual Insurance, Co., ("Defendant") for failing to pay damages from a fire to a property. (ECF No. 1-2 at 8).

Following a motion for summary judgment, judgment was entered in favor of Defendants on January 30, 2026. (ECF Nos. 11 and 27). Defendant submitted a Bill of Costs on February 9,

1

2026. (ECF No. 28). No objections were filed and the time to do so has passed.

For the reasons set forth below, the Court shall direct the Clerk of Court to tax the costs in the amount of $7, 695.95

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides that "unless . . . a court order provides otherwise, costs -- other than attorney's fees --should be allowed to the prevailing party."  The Local Rules of the Eastern District of California state that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920."  Local Rule 292(a); *see also Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 557, 579 (9th Cir. 2010) (the full extent of the court's power to shift litigation costs is defined by section 1920, absent express statutory authority).  Under 28 U.S.C. § 1920 the Court may tax costs for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. State of California,* 231 F.3d 572, 591 (9th Cir. 2000); *see also In re Paoli R.R. Yard PCB Litigation (In re Paoli),* 221 F.3d 449, 458 (3d Cir. 2000) (the phrase "'unless the court otherwise directs' makes the allowance of costs discretionary").  To overcome this presumption and deny a party costs, the district court must provide an explanation, and the losing party bears the burden of demonstrating that an award of costs would be unequitable under the circumstances. *In re Paoli,* 221 F.3d at 462-63; *Save Our Valley v. Sound Transit*, 335 F.3d 932,

2

945 (9th Cir. 2003) ("losing party must show why costs should not be awarded").  The district court may apportion costs between the winning and losing parties, including apportioning costs between multiple plaintiffs or defendants on the same side.  *In re Paoli,* 221 F.3d at 469.

**III.    ANALYSIS**

Defendant seeks to recover costs in the amount of $7,695.95. (ECF No. 28 at 1). Defendant submitted itemized invoices and a declaration made under penalty of perjury by defense counsel Robert W. Nelms to support this amount. (ECF Nos. 28-1 and 28-2).

The Court has also reviewed the documents supporting the request and finds that Defendants are entitled to all of the itemized costs. Defendant is entitled to the $922.25 for Fees of the Clerk. 28 U.S.C. § 1920(1). Defendant is entitled to $200 incurred for the fees related to the service of summons and subpoenas for records from Michael Todd at Pacific AG Insurance. (ECF No. 28-2 at 1). 28 U.S.C. § 1920(1). Finally, Defendant is entitled to the amount of $6573.70 for the fees associated with court reporter transcription fees and videographer fees related to the depositions taken in this case. (*See* ECF No. 28-2). 28 U.S.C. § 1920(2).

Accordingly, Defendant is entitled to costs in the total amount of $7,695.95

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, it is **HEREBY ORDERED** that:

1.       The Clerk of Court is directed to tax the costs in the amount of $7, 695.95

IT IS SO ORDERED.

Dated:   **March 17, 2026**                    /s/ *Erин P. Grojn*
                                               UNITED STATES MAGISTRATE JUDGE